UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------

|   |   |   |
|---|---|---|
| JACOB SCOTT BALLARD, | : | |
| | : | Case No. 5:18-cv-1878 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 18] |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In early 2016, Plaintiff Jason Scott Ballard applied for Social Security disability benefits.[1]  The Social Security Administration denied Ballard's application initially and upon reconsideration.[2]  After a hearing, an Administrative Law Judge ("ALJ") also denied Ballard's request.[3]  The Social Security Appeals Council declined to review,[4] making the ALJ's determination the agency's final decision.

Plaintiff Ballard now challenges this disability benefits denial.[5]  Magistrate Judge Knepp issued a report and recommendation ("R&R") recommending that the Court remand the case to the ALJ.[6]  Neither party objects.[7]

---

[1] Doc. 10 at 205.
[2] Id. at 136 (initial denial), 146 (denial upon reconsideration).
[3] Id. at 17.
[4] Id. at 6.
[5] Doc. 1.
[6] Doc. 18.
[7] Doc. 19.

The Federal Magistrates Act only requires the Court to review *objected-to* portions of an R&R.[8]  When there are no objections, the Court may adopt the R&R without examination. Because neither party objects, the Court adopts the R&R.

Also, the Court agrees with Magistrate Judge Knepp's reasoning and conclusions.  In determining disability, an ALJ is generally required to give a treating physician's opinion controlling weight.[9]  If the ALJ discounts the opinion, he must give "good reasons" for doing so.[10]

Plaintiff Ballard's treating physician opined that Ballard's dizziness and headaches would restrict his ability to lift objects.[11]  However, the ALJ gave this opinion less than controlling weight, concluding that Ballard's dizziness lacked documentation and the recommended limitations were undercut by Ballard's daily activities.[12]

These reasons are either untrue or unhelpfully unspecific.  Ballard's medical records are—in fact—riddled with reports of dizziness.[13]  And, as Judge Knepp correctly notes, the ALJ failed to identify which of Ballard's life activities conflicted with Dr. Peiffer's opinion.[14] The "good reasons" standard requires more.

---

[8] *Thomas v. Arn*, 474 U.S. 140, 145 (1985).  *See* 28 U.S.C. § 636(b)(1).

[9] *E.g., Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).  Although the federal regulations regarding the treating physician rule changed in March 27, 2017, they do not impact Plaintiff's January 2016 claim.

[10] *Id.*; 20 C.F.R § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").

[11] Doc. 10 at 1756.

[12] *Id.* at 27.

[13] *E.g., id.* at 723, 742, 916, 1220.

[14] *Id.* at 27.

Thus, the Court **ADOPTS** the R&R, **VACATES** the ALJ's decision, and **REMANDS** the case to the ALJ for further proceedings.

IT IS SO ORDERED.


Dated: August 15, 2019                    s/          *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE